14-2786-cr
*United States v. Davis*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of December, two thousand fifteen.

Present:
> PETER W. HALL,
> DEBRA A. LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                    No. 14-2786-cr

BEVERLY DAVIS,

> *Defendant-Appellant*.

_____

For Defendant-Appellant:     Randall D. Unger, Esq., Bayside, NY.

For Appellee:                 Marcia M. Henry and Peter A. Norling, *of counsel*, Assistant
                              United States Attorneys, *for* Kelly T. Currie, Acting United States
                              Attorney for the Eastern District of New York, Brooklyn, NY.

_____

Appeal from a judgment of the United States District Court for the Eastern District of

New York (Amon, *C.J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Following a jury trial, Defendant-Appellant Beverly Davis was convicted of conspiracy to import cocaine in violation of 21 U.S.C. §§ 960(b)(2)(B)(ii), 963; importation of cocaine in violation of 21 U.S.C. §§ 952(a), 960(b)(2)(B)(ii); conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B)(ii)(II), 846; and attempted possession with intent to distribute cocaine in violation of 21 U.S.C. §841(a)(1), 841(b)(1)(B)(ii)(II), 846.[1]  Davis was sentenced to, *inter alia*, concurrent terms of 60 months' imprisonment on all counts.  We assume the parties' familiarity with the underlying facts and the procedural history of the case.

The sole issue on appeal is whether there was sufficient evidence to support Davis's convictions.  "[A] defendant challenging the sufficiency of the evidence 'bears a heavy burden.'" *United States v. Aguiar*, 737 F.3d 251, 264 (2d Cir. 2013) (quoting *United States v. Hawkins*, 547 F.3d 66, 70 (2d Cir. 2008)).  "On such a challenge, we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility."  *Id*. (quoting *Hawkins*, 547 F.3d at 70).  "We must uphold the jury's verdict as long as '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Davis contends that her convictions cannot be sustained because the government did not prove beyond a reasonable doubt that she knew the specific nature of the conspiracy or that she knew she was dealing with a controlled substance.   "To sustain a conspiracy conviction, the government must present some evidence from which it can reasonably be inferred that the person

---

[1] Count Five of the judgment of conviction, attempted possession with intent to distribute cocaine, appears to omit 21 U.S.C. § 846, the attempt statute.  The district court is, therefore, directed to amend the judgment of conviction to include Section 846 under Count Five.

charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it." *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008) (internal quotation omitted). A conspiracy conviction, moreover, "cannot be sustained unless the Government establishes beyond a reasonable doubt that the defendant had the specific intent to violate the substantive statutes." *Id.* (internal alteration and quotation omitted). To prove specific intent in a drug conspiracy, the government "need not prove that the defendant knew the specific drug at issue, but only that he was dealing with some controlled substance." *United States v. Davis*, 690 F.3d 127, 131 (2d Cir. 2012). Although "[p]roof that the defendant engaged in suspicious behavior, without proof that he had knowledge that his conduct involved narcotics," is not sufficient, *United States v. Torres*, 604 F.3d 58, 66 (2d Cir. 2010), "[b]oth the existence of a conspiracy and a given defendant's participation in it with the requisite knowledge and criminal intent may be established through circumstantial evidence." *United States v. Stewart*, 485 F.3d 666, 671 (2d Cir. 2007).

Similarly, in convicting a defendant of "attempt," the government must prove beyond a reasonable doubt that the defendant "had the intent to commit the object crime." *United States v. Anderson*, 747 F.3d 51, 73 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 122 (2014) (quoting *United States v. Farhane*, 634 F.3d 127, 145 (2d Cir. 2011)). Conviction for "importation of cocaine" requires that the defendant intend to import a controlled substance (or intend to aid and abet someone who is). *See* 21 U.S.C. §§ 952(a), 960(b)(2)(B)(ii); *United States v. Aiello*, 864 F.2d 257, 262–63 (2d Cir. 1988) (discussing requirements for conviction under aiding and abetting theory).

Here, there was overwhelming evidence from which a rational jury could infer that the elements of conspiracy—including Davis's specific intent to commit the underlying offenses—

3

were proven beyond a reasonable doubt. Such jury could infer, based on the government's analysis of the cell phones that were in Davis's possession when she was arrested, that Davis communicated extensively with other members of the drug conspiracy and assisted in planning the drug smuggling trip, including her securing a wire transfer to cover a portion of the drug courier's travel expenses. Further, Davis communicated directly with the drug courier using an alias and met her at the airport both before her departure and after her return. Following the courier's arrest, law enforcement recorded a conversation in which Davis provided the courier instructions for receiving payment. Davis then took possession of the suitcase—which, according to the government's expert, contained approximately $280,000 worth of cocaine—and placed it in a waiting taxi cab, at which point she was arrested. This evidence was sufficient to establish that Davis had the requisite knowledge of and intent to participate in the drug conspiracy and associated substantive offenses.[2]

For these reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] Davis cites to this Court's decisions in *Torres*, 604 F.3d 58, and *Lorenzo*, 534 F.3d 153, in support of her contention that the specific intent element of the conspiracy was not proven beyond a reasonable doubt. Those cases, however, are materially distinguishable from this case. In *Torres*, there was no evidence that the defendant participated in any narcotics-related conversations or that he associated with cocaine distributors. 604 F.3d at 70–71. In *Lorenzo*, there was an "absence of any evidence indicating [the defendant's] knowledge of the contents of [the] suitcase, or prior participation in th[e] conspiracy, . . . [or] participation in the events" surrounding the drug smuggling trip. 534 F.3d at 160. In this case, by contrast, there was strong evidence that Davis communicated with the other members of the drug conspiracy and that she participated in planning and executing the drug courier's trip.